IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 07-cv-00984-RPM

APARTMENT INVESTMENT AND MANAGEMENT COMPANY,
a/k/a AIMCO, a Maryland corporation,

   Plaintiff,

v.

EMPLOYERS INSURANCE COMPANY OF WAUSAU,
a Wisconsin corporation,

   Defendant.

_____

ORDER DENYING MOTION TO DISMISS AMENDED COMPLAINT
_____

On August 21, 2007, this Court entered an order denying the defendant's motion to dismiss the complaint filed May 11, 2007. The plaintiff submitted an amended complaint on August 20, 2007, and by order of August 21, 2007, the Court denied the defendant's motion to dismiss as moot and directed the defendant to answer the amended complaint on or before September 12, 2007. The defendant was granted an extension of time to comply and on September 21, 2007, filed a motion to dismiss the amended complaint or alternatively for summary judgment. A brief was attached with several e-mails as exhibits. The plaintiff responded by its brief and attachments on October 26, 2007, and the defendant filed a reply brief on November 12, 2007.

The defendant asserts that the plaintiff's breach of contract claim is barred by the three-year statute of limitations for contract actions appearing in C.R.S. § 13-80-101(1)(a). The plaintiff asserts that the appropriate statute of limitations is the six-year

statute, C.R.S. § 13-80-103.5 because the claim is for the failure to refund unearned premiums in accordance with the provision of the insurance policies.  The defendant responds that consequential damages have been alleged so that the amount of damage is not determinable from the contracts.

The six-year statute is applicable for the claim for refundable unearned premiums.  Assuming the applicability of the three-year statute to claims for consequential damages, there is a factual dispute as to when the claim arose.  The dispute in this case is broader than the mere action for debt because of the manner in which these policies were issued and the role of Victor Gruppuso.  It is a triable issue as to the plaintiff's contention that it was not until Wausau made its position clear by the letter of February 13, 2004, that not only no return premiums were due but that AIMCO owed additional premiums did the plaintiff know the nature of its claims.

The plaintiff has also shown sufficient support for its claim of breach of fiduciary duty.  Victor Gruppuso had both a statutory and contractual duty which can be characterized as fiduciary and Wausau has vicarious liability for Gruppuso's actions according to the well pleaded amended complaint.  Additionally, because of the complexity of the program that Wausau was responsible for through Gruppuso, the contention that Wausau itself had a fiduciary duty is viable and will not be determined on motions.

For the foregoing reasons, it is

ORDERED that the motion to dismiss or for summary judgment of dismissal of the amended complaint is denied and it is

FURTHER ORDERED that the defendant will answer the amended complaint on or before December 5, 2007.

DATED: November 15th, 2007

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior District Judge